**KAUFMAN | DOLOWICH**

Kaufman Dolowich LLP
135 Crossways Park Drive, Suite 201
Woodbury, NY 11797

Telephone: 516.681.1100

www.kaufmandolowich.com

**Jennifer Sherven, Esq.**
JSherven@kaufmandolowich.com

**Alisha Talati, Esq.**
Alisha.Talati@kaufmandolowich.com

October 13, 2025

**VIA ECF**
Hon Judge Anne Y. Shields
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

        **RE:** *Maria Telesca v. Seasons at Massapequa Home Owners Assoc., et. al.*
        **Index No. 24-cv-7771(GRB)(AUS)**

Dear Hon. Judge Shields:

      Defendants, Seasons at Massapequa Home Owners Association, Inc ("Seasons") and FPS Phase II LLC d/b/a Fairfield Properties ("Fairfield"), respectfully submit this letter in opposition to Plaintiff's October 6, 2025 Motion to Compel Seasons to provide further responses to Plaintiffs' Interrogatories Nos. 2-5.

      Plaintiff asserts that Seasons failed to respond adequately to Interrogatories Nos. 2-5. This is incorrect. Seasons served specific objections and responses on July 28, 2025, and subsequently produced documents Bates-Numbered DEF000001-DEF000216 in response to Plaintiff's demands for documents. Defendants also provided a privilege log and confirmed that no non-privileged, responsive information was withheld without justification.

      The Federal Rules do not permit unrestricted fishing expeditions. *See Walsh v. Top Notch Home Designs Corp.,* No. CV 20-05087 (GRB) (JMW), 2022 WL 3300190, at *1 (E.D.N.Y. Aug. 11, 2022); *see also Grand Bahama Petroleum Co., Ltd. v. Asiatic Petroleum Corp.*, 550 F.2d 1320, 1327 (2d Cir. 1977) (unsupported demands were "nothing more than a fishing expedition").

      Plaintiff's Interrogatories Nos. 2–5, seek the following:

**Interrogatory No. 2:** Identify all persons who have served as members of the Board of Directors of Seasons at Massapequa Home Owners Assoc. Inc., including their dates of service, since 2021.

**Interrogatory No. 3:** Identify the contractor who Defendant retained to modify and update the parking spaces, curb ramps, and access aisles at the multifamily development since 2021.

**Interrogatory No. 4:** Identify the residents who requested the Defendant to design, modify, and/or contract an accessible parking space since 2014.

**Interrogatory No. 5:** Identify any training ever provided to board members, management, agent, and employees of Defendant on fair housing laws.

Such interrogatories are vastly overbroad and disproportionate to the needs of this case and seek information that can be more efficiently learned through other means, such as a deposition. In fact, the Amended Complaint only discusses allegations of events from the period of 2023 to 2024. *See* Amended Compl. ¶¶ 29, 32, 37, 40 and 44. Yet, with respect to the four interrogatories at issue, Plaintiff seeks information extending as far back as 2014. In fact, Interrogatory No. 5 is not limited in time or scope and requests identification of "any" training "ever" provided.

Further, the Amended Complaint concerns Plaintiff's individual requests for accommodation, not the Defendants' entire history of requests received of unrelated residents. *See Avila v. Target Corp.*, No. 21-CV-907 (PKC)(JMW), 2022 WL 14763013, at *2 (E.D.N.Y. Oct. 25, 2022)(finding that the requested discovery of policies and procedures of defendant in a slip and fall matter were not all "relevant and proportionate to the claims of defenses" of the case and go "far afield" from the negligence claim); *Williams v. E. Meadow Union Free Sch. Dist.,* No. 21-CV-3310 (NJC) (JMW), 2024 WL 4198503, at *4 (E.D.N.Y. Sept. 16, 2024) (denying plaintiff's motion to compel comparators as the documents requested appeared to seek approximately 20 year old records and the alleged comparator experienced vastly different treatment than plaintiff). Further, producing names of every board member and contractor over four years would reveal private information of non-parties with no nexus to the claims and impose unnecessary burden disproportionate to the needs of this case when the allegations involve the time period of 2023-2024. With respect to Interrogatories, Seasons referred Plaintiff to the document production, which includes an invoice from a contractor. Moreover, producing names of every resident who requested Defendants to design, modify, and/or contract an accessible parking space since 2014 go "far afield" from Plaintiff's claims and should not be compelled as disproportionate to the needs of this case and overbroad.

This case does not allege a class-wide or governmental pattern-or-practice claim. Plaintiff's citation to *Connecticut Fair Housing Center, Inc. v. I.S.D.S. Hartford Properties Corp,.* Civil Action No. 3:00-cv-1867 (JCH), 2001 U.S. Dist. LEXIS 24008, *4 (D. Conn. Sept. 12, 2001) and *Johnson v. Nyack Hospital,* 169 F.R.D. 550, 554 (S.D.N.Y. 1996) is misplaced because those matters involved systemic discrimination allegations, not individualized accommodation allegations.

Lastly, contrary to Plaintiff's assertion, Defendants were not present during any conference with the Court on September 30, 2025.[1]

Accordingly, Defendants respectfully request that the Court deny Plaintiff's Motion to Compel in its entirety.

---

[1] The parties attempted to contact the Court by telephone but could not reach the court and Plaintiff's counsel informed us that he would call Defendants back if the Court became available. No such call was received, and no conference occurred with Defendants present. Accordingly, Plaintiff's characterization of Defendants' participation in a September 30 call with the Court is inaccurate.

        Respectfully submitted,
        Kaufman Dolowich LLP

        */s/ Jennifer E. Sherven*

        Jennifer E. Sherven
        Alisha Talati

Enclosure