**KAUFMAN DOLOWICH**

Kaufman Dolowich LLP
135 Crossways Park Drive, Suite 201
Woodbury, NY 11797

Telephone: 516.681.1100

www.kaufmandolowich.com

**Jennifer Sherven, Esq.**
JSherven@kaufmandolowich.com

**Alisha Talati, Esq.**
Alisha.Talati@kaufmandolowich.com

October 13, 2025

**VIA ECF**
Hon Judge Anne Y. Shields
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

      **RE:** *Maria Telesca v. Seasons at Massapequa Home Owners Assoc., et. al.*
      <u>Index No. 24-cv-7771(GRB)(AUS)</u>

Dear Hon. Judge Shields:

      Defendants Seasons at Massapequa Home Owners Association, Inc ("Seasons") and FPS Phase II LLC d/b/a Fairfield Properties ("Fairfield"), respectfully submit this letter in opposition to Plaintiff's October 6, 2025, Motion to Compel Fairfield to provide further responses to Plaintiffs' Interrogatories Nos. 2-5.

      Plaintiff asserts that Fairfield failed to response adequately to Interrogatories Nos. 2-5. This is incorrect. Fairfield served specific objections and responses on July 28, 2025, and subsequently produced documents Bates-Numbered DEF000001-DEF000216 in response to Plaintiff's demands for documents. Defendants also provided a privilege log and confirmed that no non-privileged, responsive information was withheld without justification.

      The Federal Rules do not permit unrestricted fishing expeditions. *See Walsh v. Top Notch Home Designs Corp.,* No. CV 20-05087 (GRB) (JMW), 2022 WL 3300190, at *1 (E.D.N.Y. Aug. 11, 2022); *see also Grand Bahama Petroleum Co., Ltd. v. Asiatic Petroleum Corp.*, 550 F.2d 1320, 1327 (2d Cir. 1977) (unsupported demands were "nothing more than a fishing expedition").

      Plaintiff's Interrogatories Nos. 2–5, seek the following:

**Interrogatory No. 2:** Identify all persons who have served as property managers for Defendants at the multifamily development since 2022.

**Interrogatory No. 3:** Identify any training every provided to Joanne Collado and employees of Defendant who have the responsibility to interact with residents on fair housing laws.

**Interrogatory No. 4:** Identify the immediate supervisor or Joanne Collado since 2021.

**Interrogatory No. 5:** Identify the individual responsible for conducting performance reviews, issuing disciplinary actions, authorizing raises, monitoring training, or otherwise exercising direct managerial authority over Joanne Collado.

Such interrogatories are vastly overbroad and disproportionate to the needs of this case, and seek information that can be more efficiently learned through other means, such as a deposition. In fact, the Amended Complaint only discusses allegations of events from the period of 2023 to 2024. *See* Amended Compl. ¶¶ 29, 32, 37, 40 and 44. Yet, with respect to the four interrogatories at issue, Plaintiff seeks information extending as far back as 2021. In fact, Interrogatory Nos. 2 and 5 are not limited in time or scope and request identification of "any" training "ever" and "the individual" responsible for…exercising direct managerial authority" without limiting any either request a scope of time.

Further, the Amended Complaint concerns Plaintiff's individual requests for accommodation, not Fairfield's entire history of trainings provided, or every individual responsible for directing managerial authority over Joanne Collado and all property managers since 2022. *See Avila v. Target Corp.*, No. 21-CV-907 (PKC)(JMW), 2022 WL 14763013, at *2 (E.D.N.Y. Oct. 25, 2022)(finding that the requested discovery of policies and procedures of defendant in a slip and fall matter were not all "relevant and proportionate to the claims of defenses" of the case and go "far afield" from the negligence claim); *Williams v. E. Meadow Union Free Sch. Dist.,* No. 21-CV-3310 (NJC) (JMW), 2024 WL 4198503, at *4 (E.D.N.Y. Sept. 16, 2024) (denying plaintiff's motion to compel comparators as the documents requested appeared to seek approximately 20 year old records and the alleged comparator experienced vastly different treatment than plaintiff). Further, producing names of every property manager over three years would reveal private information of non-parties with no nexus to the claims and impose unnecessary burden disproportionate to the needs of this case when the allegations involve the time period of 2023-2024. Moreover, producing names of the immediate supervisor of Joanne Collado since 2021 and the individual responsible for exercising direct managerial authority over Joanne Collado is disproportionate to the needs of this case. Plaintiff asserts the Defendant have raised boilerplate objections, however, Plaintiff has not provided any justification for the necessity of such information. Instead, Plaintiff utilizes boilerplate language to assert that such information is "relevant to the parties' claims and defenses."

Lastly, contrary to Plaintiff's assertion, Defendant was not present during any conference with the Court on September 30, 2025, which was held pursuant to your Discovery Rule VII (C) of your Honor's Individual Practice Rules. [1]

Accordingly, Defendant respectfully requests that the Court deny Plaintiff's Motion to Compel in its entirety.

---

[1] The parties attempted to contact the Court by telephone but could not reach the court and Plaintiff's counsel informed us that he would call Defendants back if the Court became available. No such call was received, and no conference occurred with Defendants present. Accordingly, Plaintiff's characterization of Defendant's participation in a September 30 call with the Court is inaccurate.

Respectfully submitted,
Kaufman Dolowich LLP

*[signature: Jennifer E. Sherven]*

Jennifer E. Sherven
Alisha Talati

Enclosure