**KAUFMAN | DOLOWICH**

Kaufman Dolowich LLP
135 Crossways Park Drive, Suite 201
Woodbury, NY 11797

Telephone: 516.681.1100

www.kaufmandolowich.com

**Jennifer Sherven, Esq.**
JSherven@kaufmandolowich.com

**Alisha Talati, Esq.**
Alisha.Talati@kaufmandolowich.com

October 14, 2025

**VIA ECF**
Hon Judge Anne Y. Sheilds
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

      **RE:** *Maria Telesca v. Seasons at Massapequa Home Owners Assoc., et. al.*
      **Index No. 24-cv-7771(GRB)(AUS)**

Dear Hon. Judge Shields:

      Defendants, Seasons at Massapequa Home Owners Association, Inc ("Seasons") and FPS Phase II LLC d/b/a Fairfield Properties ("Fairfield"), respectfully submit this letter in opposition to Plaintiff's October 7, 2025 Motion to Compel Seasons to provide "adequate responses" to Plaintiff's Request for Production of Documents to assess Seasons' financial condition.

      Plaintiff asserts that Seasons failed to respond adequately to Document Requests No. 5 and 6. This is incorrect. Defendants served specific objections and responses on July 28, 2025, and subsequently produced documents Bates-Numbered DEF000001-DEF000216. Defendants also provided a privilege log and confirmed that no non-privileged, responsive information was withheld without justification.

      The Federal Rules do not permit unrestricted fishing expeditions. *See Walsh v. Top Notch Home Designs Corp.,* No. CV 20-05087 (GRB) (JMW), 2022 WL 3300190, at *1 (E.D.N.Y. Aug. 11, 2022); *see also Grand Bahama Petroleum Co., Ltd. v. Asiatic Petroleum Corp.*, 550 F.2d 1320 (2d Cir. 1977) (unsupported demands were "nothing more than a fishing expedition").

      Plaintiff's Document Requests Nos.5–6, seek the following from Seasons:

**Document Request No. 5:** Documents sufficient to determine Defendant's net worth and financial condition, including, profit and loss statements, balance sheet, income statement appraisal, and year-end statements since 2022.

**Document Request No. 6:** A copy of Seasons at Massapequa's 2022, 2023 and 2024 federal tax returns.

      Such document requests are vastly overbroad and disproportionate to the needs of this case. In fact, the Amended Complaint only discusses allegations of events from the period of 2023 to 2024. *See* Amended Compl. ¶¶ 29, 32, 37, 40 and 44. Yet, Plaintiff's discovery demands at issue

seek documents from 2022 through 2024. Moreover, Plaintiff's demand for tax returns is not proportional to the needs of the case. District courts "have imposed a heightened standard for the discovery of tax returns." *Hawkins v. Medapproach Holdings, Inc.*, 326 F.R.D. 391, 393 (S.D.N.Y. 2018) *citing Chen v. Republic Rest. Corp.*, No. 07-CV-3307, 2008 WL 793686, at *2 (S.D.N.Y. Mar. 26, 2008.) Courts are "generally reluctant" to order that a party produce tax returns. *See Perez v. Beres Bar*, 2016 WL 8711057 at *4, n. 3 (E.D.N.Y. Nov. 4, 2016) *citing Michelman v. Ricoh Americas Corp.*, 2013 WL 664893, at *2 (E.D.N.Y. Feb. 22, 2013) *quoting 287 Franklin Ave. Residents' Ass'n v. Meisels*, No. 11 CV 976, 2012 WL 1899222, at *7 (E.D.N.Y. May 24, 2012)) (noting that "[a]lthough tax returns are not privileged documents, courts are 'reluctant to order their discovery in part because of the private nature of the sensitive information contained therein, and in part from the public interest in encouraging the filing by taxpayers of complete and accurate returns' "); see also Antolini v. McCloskey, 2020 WL 5089443, *2 (S.D.N.Y. Aug. 28, 2020) (denying a plaintiff's request for tax returns and the financial status as there was no compelling need for them and noting that "courts generally are reluctant to order the production of personal financial documents and have imposed a heightened standard for the discovery of tax returns") *citing Hawkins v. MedApproach Holdings, Inc.*, 326 F.R.D. 391, 393 (S.D.N.Y. 2018); *Sabatelli v. Allied Interstate, Inc.*, No. CV 05-3205, 2006 WL 2620385, at *1 (E.D.N.Y. Sept. 13, 2006) (denying plaintiff's motion to compel defendant's tax returns when plaintiff failed to show a "compelling need").

Further, Plaintiff's mention of the "undue burden" affirmative defense underscores that discovery into Seasons finances is improper at this stage. Defendants' assertion of the "undue burden and/or hardship" affirmative defense does not automatically open the door to intrusive financial discovery absent a showing that the requested accommodations were denied for financial reasons. Plaintiff has failed to establish this. Moreover, with respect to the requested documents regarding Defendant's financial condition, Plaintiff avers that Defendant has the obligation "to annually furnish all members with 'a full and clear statement of the business condition and affairs of the Association…" in accordance with Property Law § 339-W. Upon information and belief, such reports are mailed to homeowners annually. Thus, Defendant further objects as the requested reports are already in the possession, custody, and control of Plaintiff and Defendant is under no obligation to produce them in this matter at this time.

Lastly, contrary to Plaintiff's assertion, Defendant was not present during any conference with the Court on September 30, 2025, which was held pursuant to your Discovery Rule VII (C) of your Honor's Individual Practice Rules. [1]

Accordingly, Plaintiff's motion seeks irrelevant, disproportionate, and confidential information and Seasons respectfully requests that the Court deny the Motion to Compel in its entirety.

---

[1] The parties attempted to contact the Court by telephone but could not reach the court and Plaintiff's counsel informed us that he would call Defendants back if the Court became available. No such call was received, and no conference occurred with Defendants present. Accordingly, Plaintiff's characterization of Defendants' participation in a September 30 call with the Court is inaccurate.

                                                Respectfully submitted,
                                                Kaufman Dolowich LLP

                                                */s/ Jennifer E. Sherven*

                                                Jennifer E. Sherven
                                                Alisha Talati

Enclosure