Kaufman Dolowich LLP
135 Crossways Park Drive, Suite 201
Woodbury, NY 11797

Telephone: 516.681.1100

www.kaufmandolowich.com

**Jennifer Sherven, Esq.**
JSherven@kaufmandolowich.com

**Alisha Talati, Esq.**
Alisha.Talati@kaufmandolowich.com

October 16, 2025

**VIA ECF**

Hon Judge Anne Y. Shields, United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

  **RE:** *Maria Telesca v. Seasons at Massapequa Home Owners Assoc., et. al.*
   Index No. 24-cv-7771(GRB)(AUS)

Dear Hon. Judge Shields:

  Defendants, Seasons at Massapequa Home Owners Association, Inc ("Seasons") and FPS Phase II LLC d/b/a Fairfield Properties ("Fairfield"), respectfully submit this letter in opposition to Plaintiff's October 9, 2025, Motion to Compel Seasons to provide further responses to Plaintiffs' **Document Requests Nos 8, 9, 11, 15, 17, 18, 19, 20, 21, 22, 23, 24, 27, 31, 35, 36, 39, 40, 42, 43, 44, 45, and 46**.

  Plaintiff asserts that Seasons failed to response adequately to the above-referenced documents requests. This is incorrect. In fact, Plaintiff fails to articulate in her motion to compel any specific basis for entitlement to additional documents beyond boilerplate and conclusory assertions. Seasons served specific objections and responses on July 28, 2025, and subsequently produced documents Bates-Numbered DEF000001-DEF000216 in response to Plaintiff's demands for documents. Defendants also provided a privilege log and confirmed that no non-privileged, responsive information was withheld without justification.

  The Federal Rules do not permit unrestricted fishing expeditions. *See Walsh v. Top Notch Home Designs Corp.,* No. CV 20-05087 (GRB) (JMW), 2022 WL 3300190, at *1 (E.D.N.Y. Aug. 11, 2022); *see also Grand Bahama Petroleum Co., Ltd. v. Asiatic Petroleum Corp.*, 550 F.2d 1320, 1327 (2d Cir. 1977) (unsupported demands were "nothing more than a fishing expedition").

  Plaintiff's **Document Requests Nos. 8 and 9** seek the "management agreement or contract with FPS Phase II LLC to which Defendant is a party" and the contract between "Defendant and board members relating to their service as board members." However, the contractual obligations between Defendants and board members have no bearing on the claims alleged by Plaintiff, are confidential, and are disproportionate to the needs of this case. Defendants properly objected on this basis and because such information is overbroad and unduly burdensome. As such, Defendants properly objected to such requests.

  Plaintiff's **Document Request No. 11** seeks "all documents and communication between Defendants related to the allegations in the Amended Complaint," to which Defendants properly objected to as vague and unclear, overbroad and not limited in temporal scope or timeframe. Defendants further objected as it seeks information that is protected by the attorney-client privilege, work product privilege, and material prepared in anticipation of litigation. Nevertheless, a review of Defendants' production reveals that not only did Defendants provide a privilege log, but Defendants also provided responsive documents, which included multiplate communications

between Defendants. For example, DEF000049-DEF00069, DEF000115-DEF000116, DEF000119, DEF000122-DEF000123, DEF000125-DEF000127, DEF000135, DEF000137, DEF000140-DEF000141, DEF000144, DEF000146-DEF000147, DEF000149-DEF000153, DEF000155-DEF000158, DEF000161-DEF000163, DEF000166-DEF000214. As such, Defendants properly objected to such request.

Plaintiff's **Document Request Nos. 15** seeks "Defendants monthly board minutes from 2022 to present" to which Defendants properly objected as overbroad and unduly burdensome, and because it seeks private and confidential confirmation, and is disproportionate to the needs of this case. As such, Defendants properly objected to such request.

Plaintiff's **Document Request No. 17-20** seek "all documents and communication pertaining to complaints made by residents concerning" Ronald Branch, Donald Jenkins, Jeffrey Squeri, and Joanne Collado since 2014. Such document requests are vastly overbroad and disproportionate to the needs of this case. In fact, the Amended Complaint only discusses allegations of events from the period of 2023 to 2024. *See* Amended Compl. ¶¶ 29, 32, 37, 40 and 44. Yet, with respect to the four document requests at issue, Plaintiff seeks information extending as far back as 2014, which is not sufficiently limited in temporal scope and/or timeframe. Further, the requests are not limited in scope as they seek any type of "complaint" about those individuals for that 11-year period of time. Defendants properly objected to such requests. Further, the Amended Complaint concerns Plaintiff's individual requests for accommodation, not the referenced individuals' entire history of complaints made by any resident spanning over a decade. *See Avila v. Target Corp.*, No. 21-CV-907 (PKC)(JMW), 2022 WL 14763013, at *2 (E.D.N.Y. Oct. 25, 2022) (finding that the requested discovery of policies and procedures of defendant in a slip and fall matter were not all "relevant and proportionate to the claims of defenses" of the case and go "far afield" from the negligence claim); *Williams v. E. Meadow Union Free Sch. Dist.,* No. 21-CV-3310 (NJC) (JMW), 2024 WL 4198503, at *4 (E.D.N.Y. Sept. 16, 2024) (denying plaintiff's motion to compel comparators as the documents requested appeared to seek approximately 20 year old records and the alleged comparator experienced vastly different treatment than plaintiff). Similarly, Plaintiff's **Document Requests Nos. 21-22**, seek "All documents and communication that…set forth any written or verbal complaints made by any disabled resident or prospective disabled resident regarding inaccessibility and or/request to make accessibility alternations to the common areas of the multifamily development," all "documents relating to formal or informal complaints or reports…against Defendant or any contractors, agents, or employees thereof, concerning racial or disability discrimination under the fair housing laws since 2010." These requests are not sufficiently limited in temporal scope and/or timeframe or are overbroad, seeking documents from fifteen years ago. Notably, there are no allegations concerning alleged racial discrimination in this matter. Further, the requests seek information that is protected by the attorney-client privilege, work product privilege, and material prepared for litigation privilege. As such, Defendants properly objected to such requests.

Plaintiff's **Document Requests Nos. 23-24**, seek "documents and communication" that a) identifies the owners of the condominium where Plaintiff resides, and b) show how Defendant and its agents communicates with owners of condominium units or townhouses at the multifamily development when the owner is not an individual person." Defendants objects as both requests are overbroad, unduly burdensome, vague, not limited in temporal scope and/or timeframe and seek information that is already in the possession and/or control of Plaintiff, seeks confidential and private information, and is disproportionate to the needs of this case. Notably, there are no

allegations in this matter that involve alleged failures to communicate with owners. Defendants properly objected to such requests.

Plaintiff's **Document Request No. 27,** seeks all "documents and communication that constitute or reflect any criteria employed by Defendant to assess and determine whether Plaintiff is entitled to an accessible furniture," which Defendants properly objected as vague, unduly burdensome, not limited in temporal scope and/or timeframe and disproportionate to the needs of this case. Further, the request seeks information that is protected by the attorney-client privilege, work product privilege, and material prepared for litigation privilege. Defendants properly objected to this request.

Plaintiff's **Document Requests Nos. 31-32,** seek all "documents and communications concerning Defendant's analysis" of a) determining dimensions of parking spaces, curb ramps, access aisles, and b) determining costs related to Plaintiff's request for Defendant to modify, design and construct accessible parking spaces, curb ramps, and access aisles. Defendants properly objected as overbroad, unduly burdensome, vague, premature, not limited in temporal scope and/or timeframe, seeks information that is already in the possession and/or control of Plaintiff, disproportionate to the needs of this case and privileged. Significantly, Defendants recently provided Plaintiff with Defendants' expert disclosure. Defendants properly objected to such requests.

Plaintiff's **Document Requests Nos. 35-36,** seek a copy of the notice Defendant distributed to all residents stating that they are prohibited from contacting or approaching contractors and communication pertaining to Defendant's decision to raise the release latch of the pool gate at the community center. Both of these requests, as previously noted in Defendants' objections, are not limited in temporal scope and/or timeframe and are unduly burdensome. Defendants properly objected to such requests.

Plaintiff's **Document Request No. 39 and 46,** seek all "documents and communications relating to all inquiries or investigations conducted by Defendant" as a result of claims or allegations of discrimination and retaliation and "all documents and communication which Defendant contents support the defenses asserted in the Defendant's answer or that relate to any claims asserted by the Plaintiff," which is clearly protected by the attorney-client privilege, work product privilege, material prepared for litigation privilege, and/or any other privilege and/or immunity from discovery.

Plaintiff's **Document Request No. 40,** seeks, in pertinent part, expert reports provided to Defendants, which Defendants duly provided to Plaintiff on October 16, 2025.

Plaintiff's **Document Requests Nos. 42-44,** seek all documents "describing or concerning the job duties, functions, and responsibilities" of the Board of Directors and each individual board member, the Property Manager and Joanne Collado, which Defendants properly objected to. Such requests are disproportionate to the needs of this case, overbroad, unduly burdensome, vague, not limited in temporal scope and/or timeframe. Further, such requests seek confidential and private information. Thus, Defendants properly objected to such requests.

Lastly, **Document Request No. 45**, seeks the personnel file of Joanne Collado, which was properly objected to as such request is overbroad, unduly burdensome, vague, not limited in temporal scope and/or timeframe, seeks confidential and private information, is disproportionate to the needs of this case, and seeks information that is protected by the attorney-client privilege, work product privilege, material prepared for litigation privilege, and/or any other privilege and/or immunity from discovery. Thus, Defendants properly objected to this request.

     Lastly, contrary to Plaintiff's assertion, Defendant was not present during any conference with the Court on September 30, 2025, which was held pursuant to your Discovery Rule VII (C) of your Honor's Individual Practice Rules.[1]

     Accordingly, Defendant respectfully requests that the Court deny Plaintiff's Motion to Compel in its entirety.

Respectfully submitted,<br>
Kaufman Dolowich LLP<br>
<br>
*/s/ Jennifer E. Sherven*<br>
<br>
Jennifer E. Sherven<br>
Alisha Talati

Enclosure

---

[1] The parties attempted to contact the Court by telephone but could not reach the court and Plaintiff's counsel informed us that he would call Defendants back if the Court became available. No such call was received, and no conference occurred with Defendants present. Accordingly, Plaintiff's characterization of Defendant's participation in a September 30 call with the Court is inaccurate.