# KAUFMAN DOLOWICH

Kaufman Dolowich LLP
135 Crossways Park Drive, Suite 201
Woodbury, NY 11797

Telephone: 516.681.1100

www.kaufmandolowich.com

**Jennifer Sherven, Esq.**
JSherven@kaufmandolowich.com

**Alisha Talati, Esq.**
Alisha.Talati@kaufmandolowich.com

October 27, 2025

**VIA ECF**
Hon Judge Anne Y. Shields
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

      **RE:** *Maria Telesca v. Seasons at Massapequa Home Owners Assoc., et. al.*
           Index No. 24-cv-7771(GRB)(AUS)

Dear Hon. Judge Shields:

      Defendants, Seasons at Massapequa Home Owners Association, Inc ("Seasons") and FPS Phase II LLC d/b/a Fairfield Properties ("Fairfield"), respectfully submit this letter in opposition to Plaintiff's October 20, 2025, Motion to Compel Fairfield to provide further responses to Plaintiffs' **Document Requests Nos 7, 9, 10, 11, 14, 15, 16, 17, and 18.**

      Plaintiff asserts that Fairfield failed to respond adequately to the above-referenced documents requests. This is incorrect. In fact, Plaintiff, much like in her deficiency letter, fails to articulate in her motion to compel any specific basis for entitlement to additional documents beyond a boilerplate and conclusory assertion. Fairfield served specific objections and responses on July 28, 2025, and subsequently produced documents Bates-Numbered DEF000001-DEF000216 in response to Plaintiff's demands for documents. Defendants also provided a privilege log and confirmed that no non-privileged, responsive information was withheld without justification.

      The Federal Rules do not permit unrestricted fishing expeditions. *See Walsh v. Top Notch Home Designs Corp.,* No. CV 20-05087 (GRB) (JMW), 2022 WL 3300190, at *1 (E.D.N.Y. Aug. 11, 2022); *see also Grand Bahama Petroleum Co., Ltd. v. Asiatic Petroleum Corp.*, 550 F.2d 1320, 1327 (2d Cir. 1977) (unsupported demands were "nothing more than a fishing expedition").

      Plaintiff's **Document Request No. 7** request the "management agreement or contract" with Fairfield to which Defendant is a party. However, the contractual obligations between Defendants have no bearing on the claims alleged by Plaintiff as they are confidential and the request is disproportionate to the needs of this case. Defendants properly objected as such information is overbroad and unduly burdensome.

      Plaintiff's **Document Request No. 9** request "all documents and communication between Defendants related to the allegations in the Amended Complaint," which Defendants properly

objected to as vague, overbroad and not limited in temporal scope or timeframe. Defendants also objected based on privilege and provided a privilege log. Nevertheless, upon review of Defendants' production, Defendants provided documents Bates Numbed DEF000001-DEF000216, which included multiplate communications between Defendants. For example, DEF000049-DEF00069, DEF000115-DEF000116, DEF000119, DEF000122-DEF000123, DEF000125-DEF000127, DEF000135, DEF000137, DEF000140-DEF000141, DEF000144, DEF000146-DEF000147, DEF000149-DEF000153, DEF000155-DEF000158, DEF000161-DEF000163, DEF000166-DEF000214.

Plaintiff's **Document Request No. 10** request all documents and communication pertaining to complaints made by residents concerning board member Joanne Collado since 2014. Such document requests are vastly overbroad and disproportionate to the needs of this case. In fact, the Amended Complaint only discusses allegations of events from the period of 2023 to 2024. *See* Amended Compl. ¶¶ 29, 32, 37, 40 and 44. Yet, Plaintiff seeks information extending as far back as 2014 with respect to this request. Defendants properly objected to this request. Moreover, Plaintiff's **Document Request Nos. 11 and 14**, request "All documents and communication… against Defendant or any contractors, agents, or employees thereof, concerning racial or disability discrimination under the fair housing laws since 2014," and "all documents and communication related to the Defendant's efforts to prevent disability discrimination…" which are not sufficiently limited in temporal scope and/or timeframe and is overbroad, requesting documents including from fifteen years ago. Further such information that protected by the attorney-client privilege, work product privilege and material prepared for litigation privilege. As such, Defendants properly objected to such requests. Similarly, Plaintiff's **Document Request No. 15** requests "all documents and communication concerning Joanne Collado's involvement in the request of accommodation and modifications made by Plaintiff" which is not sufficiently limited in temporal scope and/or timeframe and is overbroad, requesting documents, including from fifteen years ago. Further such information that protected by the attorney-client privilege, work product privilege and material prepared for litigation privilege. As such, Defendants properly objected to this request. Nevertheless, upon review of Defendants referenced documents Bates Numbed DEF0000070- DEF0000085 and DEF00000216.

Plaintiff's **Document Requests Nos. 16-17,** seek all documents "describing or concerning the job duties, functions, and responsibilities" of the Property Manager and Joanne Collado, which Defendants properly objected to because such requests are disproportionate to the needs of the case, overbroad, unduly burdensome, vague, not limited in temporal scope and/or timeframe. Further, such requests seek confidential and private information and to the extent they seek privileged material.

Lastly, **Document Request No. 18**, seeks the personnel file of Joanne Collado, which was properly objected to as such request is overbroad, unduly burdensome, vague, not limited in temporal scope and/or timeframe, seeks confidential and private information, is disproportionate to the needs of this case, and seeks information that is protected by the attorney-client privilege, work product privilege, material prepared for litigation privilege, and/or any other privilege and/or immunity from discovery.

Accordingly, Defendant respectfully requests that the Court deny Plaintiff's Motion to Compel in its entirety.

Respectfully submitted,<br>
Kaufman Dolowich LLP<br><br>
*/s/ Jennifer E. Sherven*<br><br>
Jennifer E. Sherven<br>
Alisha Talati

4903-7503-0901, v. 1